IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATHY L. ADAMS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KATHLEEN A. LAUGHLIN,<br><br>　　　　　　Defendant. | 8:18CV349<br><br>FINDINGS AND RECOMMENDATION |

　　　　This matter is before the Court on Plaintiff's Motion to Remand (Filing No. 7.) For the reasons set forth below, the undersigned will recommend that the motion be denied.

### BACKGROUND

　　　　On June 22, 2018, Plaintiff filed suit against Defendant in the District Court of Douglas County, Nebraska alleging that she was terminated from her employment because she refused to sign a medical records release. The Complaint asserts that Defendant's attempt to gain access to medical records and acquire protected health information was unlawful under the "Nebraska Fair Employment Practice Act and the Americans with Disabilities Act and/or made unlawful by [the Health Insurance Portability and Accountability Act]." (Filing No. 1.) The Complaint expressly seeks relief under the Nebraska Fair Employment Practice Act ("NFEPA"). (Id.)

　　　　Defendant removed the case from the District Court of Douglas County, Nebraska on July 20, 2018 based on federal question jurisdiction. (Id.) Plaintiff has now moved to remand the action to state court.

### DISCUSSION

　　　　A defendant may remove an action from state court to federal court when a federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441. "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts

is on the party asserting jurisdiction." *Arkansas Blue Cross & Blue Shield of Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Federal courts are to resolve all doubts as to the propriety of exercising federal jurisdiction in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

Defendant contends that federal jurisdiction arises under 28 U.S.C. § 1442(a), which "grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." *Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir. 1984) (quotation omitted). Section 1442 permits removal to a federal forum of any civil action against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To invoke this statute, four elements must be satisfied: (1) a defendant acted under the direction of a federal officer; (2) there was a causal connection between the defendant's actions and the official authority; (3) the defendant has a colorable defense to the plaintiff's claims; and (4) the defendant is a "person" within the meaning of the statute. *Jacks v. Meridian Resource Co., LLC*, 701 F.3d 1224, 1230 (8th Cir. 2012). The Supreme Court has found that "the statute must be liberally construed." *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007) (quotation omitted).

Plaintiff asserts that jurisdiction under §1442(a)(1) is improper because Defendant has not shown that she acted under an officer of the United States. The words "acting under" are afforded liberal construction. To fulfill the "acted under" requirement, "a private person's actions must involve an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Jacks*, 701 F.3d at 1230 (internal quotation omitted).

Defendant is the Chapter 13 Trustee for the District of Nebraska. The United States Trustee appoints the Chapter 13 Trustee to assist the United States Trustee with Chapter 13 bankruptcy caseloads. The United States Trustee Program is a part of the United States Department of Justice, which is an executive agency. *See* 28 U.S.C. § 586(b); 48 U.S.C. §2161; 5 U.S.C. § 101; 5 U.S.C. § 105. Although the parties have not pointed to any Eighth Circuit authority addressing the status of bankruptcy trustees under § 1442(a)(1), the Fifth Circuit Court of Appeals has found that a

Chapter 13 bankruptcy trustee is a "person acting under" an officer of the United States for purposes of § 1442(a)(1). *See Bell v. Thornburg*, 743 F.3d 84 (5th Cir. 2014).

In *Bell*, a former employee brought suit in state court against a Chapter 13 bankruptcy trustee, alleging that she had been terminated because of her race in violation of the Louisiana Employment Discrimination Law. The trustee removed the action to federal court under § 1442(a)(1). Finding that the trustee was entitled to remove the case under § 1442(a)(1), the Fifth Circuit stated that trustees receive delegated authority and "do not merely comply with the law." *Id.* at 89. Rather, trustees "both assist and carry out the duties and tasks of their federal superiors." *Id.* Here, like in *Bell*, the undersigned believes that the nature of the relationship between Defendant and the United States Trustee is sufficient to bring Defendant within the scope of § 1442(a)(1).

Plaintiff further contends that Defendant has not asserted a colorable defense to her claims. It is well-established that a defense does not need to be clearly sustainable to support removal under §1442(a)(1). "For a defense to be considered colorable, it need only be plausible; §1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate." *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001). "Because a core purpose of the statute is to let the validity of the federal defense be tried in federal court, a defendant seeking removal need not virtually win his case, nor must his defense even be clearly sustainable on the facts." *Cuomo v. Crane Co.*, 771 F.3d 113, 115-16 (2d Cir. 2014) (internal quotations omitted).

Defendant argues the third element is satisfied because Plaintiff's state law employment discrimination claim is preempted by federal law. Defendant asserts that the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, is the exclusive means by which a litigant may pursue a medical inquiry retaliation claim within a program or activity of an executive agency. Defendant contends that unlawful medical inquiries and retaliation for opposing such inquiries are types of discrimination under the Rehabilitation Act.[1] Thus, according to Defendant, Plaintiff's state law

---

[1] Defendant asserts that the Rehabilitation Act incorporates by reference the Americans with Disabilities Act's ("ADA") prohibitions against unlawful discrimination. *See* 29 U.S.C. § 794(d). Defendant argues that because the ADA identifies unlawful medical inquiries and

3

claims are preempted.  See *Shaw v. U.S. Postal Serv*., No. 19 CIV 6617, 2010 WL 3749233, at *12 (S.D.N.Y. Aug. 16, 2010) (stating that because "the Rehabilitation Act [and other applicable federal statutes] provide the exclusive remedy for federal employment discrimination," the plaintiff's state law claims should be dismissed).  See also *Loos v. Napalitano*, 665 F. Supp.2d 1054, 1058 (D. Neb. 2009) (stating that the sole remedy for a federal agency employee seeking relief for disability discrimination was under the Rehabilitation Act).

Plaintiff has not provided any authority establishing that the Rehabilitation Act does not preempt her state law claims and, at this stage, Defendant need not win her case by proving her federal defense.  Thus, the undersigned finds that Defendant's preemption defense is plausible and satisfies the requirements for removal under §1442(a)(1).[2]

Accordingly,

**IT IS HEREBY RECOMMENDED** to Senior United States District Court Judge Joseph Bataillon that Plaintiff's Motion to Remand (Filing No. 7) be denied.

Dated this 4th day of January, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

retaliation as prohibited forms of discrimination, so does the Rehabilitation Act.  See 42 U.S.C. § 12112(d) ("The prohibition against discrimination . . . shall include medical examinations and inquiries"); 42 U.S.C. §12203(a) ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter").

[2] Defendant also argues that Plaintiff's claim gives rise to federal question jurisdiction because Plaintiff's right to relief depends upon the construction or application of federal law.  Because the undersigned finds that federal jurisdiction exists under 28 U.S.C. § 1442(a), this argument will not be addressed in this Findings and Recommendation.

## ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.